## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WANDA MITCHELL RILEY**                                        **CIVIL ACTION**

**VERSUS**                                                              **No. 11-1482**

**SOUTHERN FIDELITY INSURANCE**                          **SECTION "I"**
**COMPANY, ET AL.**

### ORDER AND REASONS

Before the Court is plaintiff Wanda Mitchell Riley's ("Riley") motion[1] to remand this

matter to state court.  Riley also requests costs and attorney's fees for the expenses incurred in

filing this motion.[2]  Defendant, Southern Fidelity Insurance Company ("SFIC"), opposes the

motion.[3]  For the following reasons, Riley's motion to remand is **GRANTED** and her request for

costs and attorney's fees is **DENIED**.

### *BACKGROUND*

On May 20, 2010, Riley began smelling sewage at her home located at 5313 Burgundy

Street, New Orleans, Louisiana.[4]  Riley hired a plumber to investigate the odor and he informed

her that her sewage pipes were broken.[5]  On June 7, 2010, Riley contacted her insurance

company, SFIC, to file a claim pursuant to her homeowner's policy regarding her plumbing

issues.[6]  SFIC assigned two claim numbers, one for claims relating to her septic system and one

---

[1] R. Doc. No. 6.
[2] R. Doc. No. 6-1, p. 7.
[3] R. Doc. No. 11.
[4] R. Doc. No. 1-1, ¶ 9.
[5] R. Doc. No. 1-1, ¶ 16.
[6] R. Doc. No. 1-1, ¶ 17.

for claims relating to her plumbing system.[7]  On October 21, 2010, SFIC sent two letters to Riley – one regarding the plumbing system and one regarding the septic system – stating that it had denied her claims.[8]  Therein, SFIC stated that the dates of loss occurred before Riley's coverage under her SFIC policy began and that, consequently, Riley should contact her previous insurance carrier to file her claims.[9]  Riley then filed claims with her previous insurance carrier, Louisiana Citizens Property Insurance Corporation ("Citizens").[10]  Citizens also denied her claims.[11]

Because both SFIC and Citizens denied Riley's claims, Riley filed this lawsuit against SFIC and Citizens on May 13, 2011, in the Civil District Court for the Parish of Orleans (*Wanda Mitchell Riley v. Southern Fidelity Insurance Company, et al.*, no. 2011-5105).  SFIC timely removed the case to the U.S. District Court for the Eastern District of Louisiana on June 22, 2011.[12]

In its notice of removal, SFIC alleged that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) and (b).  SFIC asserted that diversity jurisdiction is proper because Riley is a citizen of Louisiana and SFIC is a citizen of Florida.[13]  According to SFIC, Citizens, a Louisiana citizen, did not destroy diversity because it had been "fraudulently" joined in this lawsuit.[14]  (The Fifth Circuit now refers to this doctrine as "improper joinder."  *See Smallwood v. Illinois Cen. R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004)).

In response, Riley timely filed a motion to remand arguing, first, that Citizens had been properly joined – and consequently this Court lacks subject-matter jurisdiction because the

---

[7] R. Doc. No. 1-1, ¶¶ 18-20.
[8] R. Doc. No. 1-1, ¶¶ 23-29.
[9] R. Doc. No. 1-1, ¶¶ 25-31.
[10] R. Doc. No. 1-1, ¶ 30.
[11] R. Doc. No. 1-1, ¶ 31.
[12] R. Doc. No. 1.
[13] R. Doc. No. 1, p. 3.
[14] R. Doc. No. 1, pp. 3-4.

parties are not diverse – and second, that SFIC failed to show that the amount in controversy exceeds $75,000.[15]  Because the Court finds that SFIC did not satisfy its burden to show that the amount in controversy exceeds $75,000, the Court does not reach Riley's argument that SFIC failed to show that Citizens was improperly joined in this lawsuit.

### *LAW AND ANALYSIS*

**Amount in Controversy**

Riley argues that the Court must remand this case because SFIC has failed to meet its burden regarding the amount in controversy requirement.  28 U.S.C. § 1332(a)(1) states that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ."  A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The removal statute is strictly construed.  *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 WL 479719, at *1 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La.1989) (Feldman, J.)).  When a plaintiff challenges removal and seeks remand, the defendant attempting to establish removal bears the burden of proof.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

---

[15] R. Doc. No. 6.

Riley filed her petition in Louisiana state court and Louisiana law does not permit plaintiffs to plead a specific amount of money damages.[16]  In cases where a plaintiff alleges an indeterminate amount of damages, the Fifth Circuit requires a removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999).  A defendant may satisfy this burden either "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.' " *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).  "Where the 'facially apparent' test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal." *Davis v. State Farm Fire & Cas. Co.*, 2006 WL 1581272, at *2 (E.D. La. June 7, 2006) (Vance, J.) (citing *Allen,* 63 F.3d at 1336).

The Court must look at the claims as they existed at the time of removal, and any ambiguities are strictly construed in favor of remand.  *Manguno,* 276 F.3d at 723.  In considering whether the defendant has met the preponderance standard, "it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy."  *Franklin v. State*

---

[16] La. Code Civ. Proc. Art. 893A.(1) states:

No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.  The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.

*Farm Ins. Co.*, No. 06-5858 2006 WL 2925513, at *2 (E.D. La. Oct. 10, 2006) (Barbier, J.)

(citing *Atkins v. Lexington Ins. Co.*, No. 06-1254, 2006 WL 1968895 (E.D. La. July 12, 2006)

(Vance, J.)).

If the defendant meets its burden, then "the plaintiff must be able to show that, as a

matter of law, it is certain that he will not be able to recover more than the damages for which he

has prayed in the state court complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir.

1995). This is known as the "legal certainty test." *Id.* It is "not a burden-shifting exercise." *Id.* at

1412. The Fifth Circuit has suggested that this burden may be satisfied by demonstrating that

state law prevents recovery in excess of $75,000 or that the plaintiffs are somehow "bound

irrevocably" to an amount under the federal jurisdiction limit. *De Aguilar,* 47 F.3d at 1412.

In its opposition to Riley's motion to remand, SFIC argues that it is "clear from the face

of the Petition" that the amount in controversy exceeds $75,000 because Riley alleges claims for

damage to her home, pain and suffering, and attorney's fees, penalties and damages for SFIC's

arbitrary and capricious conduct.[17] Moreover, SFIC asserts that the fact that Riley refuses to

stipulate that the value of her claims is less than $75,000 supports a conclusion that the amount

in controversy exceeds $75,000.[18] The Court disagrees.

**Property Damage**

Riley *only* alleges damage to her plumbing and septic systems.[19] In response, SFIC

attaches a certified copy of Riley's policy with SFIC which delineates her coverage limits for

"dwelling," "other structures," "personal property" and "loss of use."[20] Riley's total coverage

---

[17] R. Doc. No. 11, pp. 4-5.
[18] R. Doc. No. 11, p. 5.
[19] R. Doc. No. 1-1, ¶¶ 14-20; R. Doc. No. 11, p. 5.
[20] R. Doc. No. 11-1.

limits exceed $75,000.[21]  However, "[i]n a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy." *Atkins v. Lexington Ins. Co.*, No. 06-1254, 2006 WL 1968895 (E.D. La. July 12, 2006) (Vance, J.) (citing *Hartford Ins. Group v. Cou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)).  Nowhere does Riley seek to recover the entire amount of her insurance coverage limit or allege that her property was a total loss.  *Gale v. USAA Ca. Ins. Co.*, No. 08-4946, 2009 WL 2447841, at *2 (E.D. La. Aug. 6. 2009) (Vance, J.) (citing *Cullota v. State Farm Fire and Cas. Co.*, No. 06-8266, 2007 WL 954781, at *1 (E.D. La. Mar. 27, 2007)).  Finally, SFIC submits no evidence or estimates of the extent of Riley's alleged damage to her plumbing and septic systems.  *Id.*; *Meza v. Best Western Int'l*, No. 10-2623, 2010 WL 5146524, at *2 (E.D. La. Dec. 8, 2010) (Engelhardt, J.).  Consequently the Court cannot determine what value can be assigned to Riley's claims for damage to her plumbing and septic systems.

### Pain and Suffering

The value of Riley's claim regarding pain and suffering for living in a house that smells of sewage is not facially apparent.  SFIC has provided no evidence on this point.  *Potts v. Southern Fidelity Ins. Co.*, No. 10-3039, 2011 WL 289239, at *4 (E.D. La. Jan. 25, 2011) (Vance, J.) ("Southern Fidelity has failed to provide the Court with any evidence to demonstrate . . . plaintiffs' possible recovery for 'past, present, and future mental anguish.'  The Court, therefore, has no basis to find that these additional claims require a finding that the amount in controversy has been met.' "); *Bourgeois v. State Farm Fire and Cas. Co.*, No. 06-8037, 2006 WL 3344736, at *2 (E.D. La. Nov. 16, 2006) (Africk, J.) (observing that "the value of plaintiffs'

---

[21] R. Doc. No. 11-1.

'professional negligence' claim is not facially apparent and defendant has offered no evidence on this point"). The Court, therefore, cannot assign a value to Riley's claim for pain and suffering.

### Attorney's Fees, Penalties, and Damages

SFIC argues that this Court can also consider Riley's argument that she is entitled to attorney's fees and penalties for SFIC's allegedly arbitrary and capricious conduct.[22] La. Rev. Stat. §§ 22:1973 and 22:1892 permit a plaintiff to recover attorney's fees, penalties, and damages when an insurer has been arbitrary or capricious in denying a claim. If a state statute permits a plaintiff to recover attorney's fees or penalties, this amount may constitute a part of the amount in controversy. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages – just not interest or costs."); *Ardoin v. Allstate Ins. Co.*, No. 06-7624, 2007 WL 97062, at *3 (E.D.La. Jan. 9, 2007) (Vance, J.) (calculating the penalties recoverable under the predecessor statutes to La. Rev. Stat. §§ 22:1973 and 22:1892 in determining whether the amount in controversy exceeded $75,000).

A plaintiff cannot recover penalties pursuant to both La. Rev. Stat. §§ 22:1973 and 22:1892 for the same conduct. *Calogero v. Safeway Ins. Co.*, 753 So.2d 170, 174 (La. 2000).

---

[22] As Riley does not allege in her petition the statutes under which she seeks to recover attorney's fees and penalties, SFIC assumes that she is attempting to recover under La. Rev. Stat. §§ 22:1973 and 22:1892. R. Doc. No. 11, p. 6.

Prior to January 1, 2009, these sections were codified at La. Rev. Stat. §§ 22:658 and 22:1220, respectively. Because SFIC is seeking to have this Court ignore Citizens for the purposes of determining diversity jurisdiction due to the fact that, SFIC argues, any pre-March 1, 2008 claims that she might assert against Citizens have prescribed, and because Riley alleges that her claims against SFIC arose after January 1, 2009, the Court will assume for the purposes of this analysis that La. Rev. Stat. §§ 22:1973 and 22:1892 are the applicable provisions with respect to Riley's claims for attorney's fees and penalties.

Rather, a plaintiff recovers the higher penalty. *Id.* ("[W]here La. R.S. 22:1220 provides the greater penalty, La. R.S. 22:1220 supersedes La. R.S. 22:658 such that [the plaintiff] cannot recover penalties under both statutes."). La. Rev. Stat. § 22:1973 does not provide for recovery of attorney's fees, thus an insured may recover greater penalties pursuant to § 22:1973 and attorney's fees pursuant to § 22:1892. *Id.*

Pursuant to La. Rev. Stat. § 22:1973, an insurer "has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims." An insurer which fails to pay a claim when the claimant provides satisfactory proof of loss is subject to damages for breach of duty and "penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." The plaintiff, however, must show actual damages arising from the breach to recover a penalty of more than $5,000. *See Hannover Corp of Amer. v. State Farm Mutual Auto Ins. Co.*, 67 F.3d 70, 76 (5th Cir. 1995)). Riley has not alleged "the amount or type of damages, if any, that [she] sustained from [SFIC's] breach." *Potts*, 2011 WL 289239, at *4. Furthermore, SFIC has provided no evidence that Riley could recover a penalty of more than $5,000 for SFIC's alleged breach. *Id.*

La. Rev. Stat. § 22:1892 provides that an insurer is subject to a penalty "in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater," when the insurer arbitrarily, capriciously, or without probable cause fails to pay within 30 days of satisfactory proof of loss. An insured may also recover attorney's fees. *Id.* The Court cannot calculate the penalty that Riley might recover under this section because it has no estimate or evidence of the amount that is potentially due from SFIC to Riley. Likewise, SFIC has not provided the Court with any estimates or evidence of Riley's attorney's fees that she might recover. *Potts*, 2011 WL 289239,

at *4; *DNP Enterprises, L.L.C. v. American Marine Holdings, Inc.*, No. 05-1385, 2005 WL 1431705, at *3 (E.D. La. May 24, 2005) (Africk, J.) ("[D]efendant has offered no evidence of what plaintiff's attorney's fees might be.  Accordingly, the Court is unable to aggregate to the amount in the controversy whatever amount of attorney's fees plaintiff may be entitled.").  As such, the Court cannot determine what damages, attorney's fees, or penalties Riley might recover pursuant to La. Rev. Stat. §§ 22:1973 or 22:1892.

### Riley's Refusal to Stipulate

Finally, SFIC argues that Riley's refusal to stipulate that the total value of her claims is less than $75,000, both prior to and following removal, indicates that the amount in controversy exceeds $75,000.[23]  "[A] failure to stipulate is only one factor to consider in determining whether a defendant has met its burden" regarding the amount in controversy.  *Meza*, 2010 WL 5146524, at *2 n.3; *Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392, at *3 (E.D. La. Apr. 18, 2006) (Africk, J.).  Given SFIC's failure to provide this Court with sufficient information from which it can conclude whether SFIC has satisfied the amount in controversy requirement, Riley's failure to stipulate prior to removal does not resolve the issue.  Moreover, the Court notes that once SFIC removed this case Riley no longer had any reason to stipulate to the total value of her claims.

SFIC has failed to establish that it is "facially apparent" from Riley's petition that the amount in controversy exceeds $75,000.  Furthermore, SFIC does not provide sufficient "summary-judgment type evidence" from which this Court can determine the amount in controversy.  *Davis*, 2006 WL 1581272, at *2.  Accordingly, this Court lacks subject-matter jurisdiction and Riley's motion to remand is **GRANTED**.

---

[23] R. Doc. No. 11, p. 7.

**Plaintiff's Right to Costs and Attorney's Fees for Removal**

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The U.S. Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* at 141. Riley "believes those 'unusual circumstances' exist" and entitle her to costs and attorney's fees, but she does not elaborate on her argument.[24]

This Court must "evaluate the objective merits of removal at the time of removal irrespective of the fact that it might ultimately be determined that removal was improper." *Mississippi Louisiana Dirt Co., L.L.C. v. B & S Equipment Co., Inc.*, No. 09-7479, 2010 WL 1729423, at *5 (E.D. La. Apr. 23, 2010) (Africk, J.) (citing 28 U.S.C. § 1447(c)). It is within this Court's discretion whether to award costs and attorney's fees. SFIC had an objectively reasonable basis for removal and Riley provides no argument regarding why the "unusual circumstances" of this case justify such an award. Accordingly, the Court declines to exercise its discretion to award Riley costs and attorney's fees and Riley's request for costs and attorney's fees is **DENIED**.

*CONCLUSION*

For the forgoing reasons, **IT IS ORDERED** that Riley's motion to remand is **GRANTED** and that this cause of action is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

---

[24] R. Doc. No. 6-1, p. 7.

**IT IS FURTHER ORDERED** that Riley's request for costs and attorney's fees is

**DENIED**.


New Orleans, Louisiana, August 11, 2011.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**